UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANGEL JOEL MALDONADO
SANCHEZ,

      Petitioner,

v.

TODD BLANCHE et al.,

      Respondents.

Case No. 26-10995
Honorable Laurie J. Michelson

---

## ORDER DENYING WITHOUT PREJUDICE PETITIONER'S MOTION FOR TEMPORARY RESTRAINING ORDER [11]

---

On March 25, 2026, Angel Joel Maldonado Sanchez ("Petitioner") filed a petition for a writ of habeas corpus. (ECF No. 1.) Petitioner did not serve the government with his petition, so on April 30, 2026, the government moved to dismiss it for lack of service. (ECF No. 7.) On that same day, the government also filed a response to the petition. (ECF No. 8.)

Based on the Court's review of its causes of action, the essence of the petition is that Petitioner is being detained pending removal proceedings without access to a bond determination. (ECF No. 1, PageID.4–6.) According to Petitioner, he "has a scheduled [i]ndividual hearing before the immigration court on June 12, 2026." (ECF No. 11, PageID.93.) So he filed a motion with this Court seeking "injunctive relief preserving the status quo pending adjudication" of his petition. (*Id.* at PageID.92.) But rather than seek injunctive relief with respect to the petition's focus on a bond determination, Petitioner now asks this Court to enjoin the government from "taking

further action in [his] removal proceedings, including proceeding with the currently scheduled [i]ndividual hearing" on June 12, 2026. (*Id.* at PageID.96.) Petitioner also seeks to enjoin his removal from the country. (*Id.*)

The motion fails to meet the demanding standing for a temporary restraining order (TRO). A TRO, like a preliminary injunction, "is an extraordinary remedy reserved only for cases where it is necessary to preserve the status quo until trial." *Enchant Christmas Light Maze & Mkt. Ltd. v. Glowco*, LLC, 958 F.3d 532, 535 (6th Cir. 2020) (internal citation omitted); *Granny Goose Foods, Inc. v. Teamsters*, 415 U.S. 423, 439 (1974) (The purpose of an ex parte TRO is "preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer"). And this "'extraordinary remedy . . . should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it.'" *Osman v. Edlow*, No. 26-10886, 2026 WL 1031005, at *1 (E.D. Mich. Apr. 16, 2026) (quoting *Overstreet v. Lexington-Fayette Urban Cty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002)). The Court may issue a TRO without notice to adverse parties only if (1) "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition"; and (2) the moving party's "attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1).

In granting preliminary injunctive relief, like a TRO, the Court must consider and balance four factors: (1) a petitioner's likelihood of success on the merits, (2)

whether a petitioner will suffer irreparable injury without an injunction, (3) whether granting the injunction will cause substantial harm to others, and (4) whether the public interest would be served by the injunction. *S. Glazer's Distributors of Ohio, LLC v. Great Lakes Brewing Co.*, 860 F.3d 844, 849 (6th Cir. 2017). The Court starts and ends with "the two most important factors (success on the merits and irreparable harm)." *Wood v. Smith*, No. 24-00165, 2024 WL 3841217, at *2 (S.D. Ohio Aug. 15, 2024).

Under the Sixth Circuit's recent decision in *Lopez-Campos v. Raycraft*, 175 F.4th 713 (6th Cir. 2026), Petitioner may have a strong likelihood of success on the merits of his claim that he is being wrongly detained without a bond hearing. This Court has not yet ruled on the petition, however, because the government has not been served and has moved to dismiss the petition as a result. (ECF No. 7.) To date, Petitioner has filed no response to that motion or taken any other steps to properly serve the government.[1] Additionally, Petitioner provides no argument in either the petition or motion for TRO as to why his removal would be unlawful or should otherwise be enjoined. There are no causes of action to that effect that the Court can even evaluate with respect to a likelihood of success on the merits. And "[a]lthough no one factor is controlling, a finding that there is simply no likelihood of success on the merits is usually fatal." *Handel's Enters., Inc. v. Schulenburg*, 765 F. App'x 117,

---

[1] Even though Petitioner is incarcerated, this service should not be difficult to accomplish. The government's motion to dismiss provides the address Petitioner must serve the petition and explains that "the U.S. Attorney's Office will accept service for all respondents in this case[,]" so he "need not serve a copy of the petition on the individually named respondents." (ECF No. 7, PageID.33.)

121 (6th Cir. 2019) (citing *Gonzales v. Nat'l Bd. of Med. Exam'rs*, 225 F.3d 620, 625 (6th Cir. 2000)). Again, the petition's claims pertain to the lack of a bond hearing—not to the impropriety of his removal.

This affects the irreparable harm analysis as well. Petitioner contends that "[a]bsent immediate intervention, Respondents may proceed with removal-related adjudication [on June 12, 2026] or take subsequent enforcement actions before this Court can resolve the pending habeas petition" and that "[o]nce such proceedings advance, Petitioner may suffer irreparable deprivation of liberty, loss of meaningful judicial review, and possible mootness of the claims presently before the Court." (ECF No. 11, PageID.95.) There are several issues with this argument. First, it is unclear what may transpire at the June 12, 2026, hearing. And irreparable harm cannot be based on speculative injury. *See Memphis A. Philip Randolph Inst. v. Hargett*, 978 F.3d 378, 391 (6th Cir. 2020) (the alleged injury for purpose of injunctive relief "must be both certain and immediate, not "speculative or theoretical") (quoting *Mich. Coal. of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 154 (6th Cir. 1991)). That is, "possible future harm does not rise to the level of actual and imminent harm to warrant injunctive relief." *Mumaw v. Ohio State Racing Comm'n*, No. 13-1048, 2014 WL 704030, at *3 (N.D. Ohio Feb. 21, 2014). And without a showing of irreparable harm, Petitioner is not entitled to a temporary restraining order. *See Jones v. Friddell*, No. 25-2693, 2026 WL 16464, at *2 (N.D. Ohio Jan. 2, 2026) ("A court may not enter a temporary restraining order unless the party seeking the order can show he would suffer an irreparable injury without it."); *Osman*, 2026 WL

4

1031005, at *1 ("[t]he *most important* of the four elements is the irreparable harm requirement") (quoting *D.T. v. Sumner Cnty. Sch.*, 942 F.3d 324, 326 (6th Cir. 2019)) (emphases in original). Also, as it currently stands, the petition does not focus on precluding Petitioner's removal—or prohibiting his immigration proceedings from moving forward. Should there be a proper amendment, Petitioner may be able to seek appropriate relief at that time.

For these reasons, Petitioner's motion for a temporary restraining order (ECF No. 11) is DENIED.

IT IS SO ORDERED.

Dated: June 5, 2026

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE

5